IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE GRATZ BANK**, | : | CIVIL ACTION |
| | : | NO. |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **BRINK'S INCORPORATED**, | : | |
| | : | |
| *Defendants*. | : | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, The Gratz Bank, by and through its undersigned counsel, files the within Complaint against Defendant, Brink's Incorporated, and in support thereof avers as follows:

### Parties

1. Plaintiff, The Gratz Bank ("Plaintiff," "Gratz," and/or the "Bank"), is a Pennsylvania-chartered bank serving individuals, families, nonprofits, and business clients throughout Central and Southeastern Pennsylvania. Gratz's principal place of business is located in Dauphin County, Pennsylvania.

2. Defendant, Brink's Incorporated ("Brink's"), is a transportation and logistics company that provides, *inter alia*, ATM-related services and armored car transportation. Brink's is incorporated in Delaware, and its headquarters are located in Richmond, Virginia.

**Jurisdiction and Venue**

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**Facts**

5. Brink's, a company that holds itself out as the "global leader in total cash management, route-based secure logistics and payment solutions including cash-in-transit, ATM services, [and] cash management services … ," provides Gratz with certain ATM-related services pursuant to an agreement between the parties, which services include the receipt, transfer, and delivery of both inbound and outbound funds (i.e., ATM cash) from and to the Federal Reserve (the "Fed").

6. Starting in or around April 2020, and continuing through at least August 2021, Gratz did not receive proper credit or accurate reconciliation from Brink's with respect to several transactions where Brink's removed cash from, or deposited cash into, Gratz-owned ATMs, resulting in a deficit of funds in excess of $500,000 for which Brink's has been unable, despite repeated request, to explain or justify.

7. Significantly, these discrepancies began to occur and, upon information and belief, were not-so-coincidentally caused by Brink's decision, in or around April 2020, to change the location of its servicing vault from Allentown to Philadelphia for the ATMs (identified below) where the missing funds have become (and remain) an issue that has not been resolved.

8. By way of example, the following discrepancies (among others) remain unaccounted for, despite Gratz's numerous and repeated requests for clarification from Brink's:

    a.    05/21/20:    Brink's removed $5,000 from Gratz's ATM located in Minersville (the "Minersville ATM"); Gratz did not receive credit for this amount from the Fed.

    b.    09/24/20:    Brink's removed $90,000 from the Minersville ATM; the Fed credited Gratz just $9,000, resulting in an unaccounted-for discrepancy of $81,000.

    c.    11/09/20:    The Fed released $70,000 to Brink's for deposit into the Minersville ATM, but there is no corresponding record of delivery or receipt of this amount.

    d.    05/20/21:    Brink's removed $80,000 from the Minersville ATM; the Fed credited Gratz just $8,000, resulting in an unaccounted-for discrepancy of $72,000.

    e.    06/09/21:    Brink's removed $60,000 from Gratz's ATM located in Pottsville (the "Pottsville ATM"); Gratz did not receive credit for this amount from the Fed.

    f.    07/15/21:    Brink's removed $55,000 from the Minersville ATM; Gratz did not receive credit for this amount from the Fed.

  g. 07/21/21: Brink's removed $40,000 from the Pottsville ATM; Gratz did not receive credit for this amount from the Fed.

  h. 08/10/21: The Fed released $70,000 to Brink's for deposit into the Pottsville ATM, but there is no corresponding record of delivery or receipt of this amount.

9. There are or may be discrepancies with respect to several other Gratz ATMs, for which Brink's has failed and refused to provide information to account for similar shortfalls as those set forth above.

10. As of August 2021, despite several requests for an explanation from Brink's, Gratz's records—including those prepared internally or by a third party—reveal a shortfall just shy of $500,000 in available cash inventory, an amount that, to date, remains unresolved.

11. Since April of 2020 (i.e., when these discrepancies began and continued unabated), Gratz has been in consistent and regular contact with several individuals at Brink's in an ongoing effort to address and/or resolve these issues. Gratz has made repeated attempts to properly reconcile these discrepancies in good faith. However, Brink's has, in bad faith, refused to provide timely responses and/or the information necessary to properly account for these missing funds.

12. To be sure, Brink's would, from time to time, provide certain responses and/or information to Gratz and/or Gratz's counsel upon request, but these instances were, at best, sporadic and did nothing to address or resolve the missing funds.

Rather, and upon information and belief, Brink's did the absolute bare minimum when looking into these issues in a bad faith attempt at delaying (and/or denying) Gratz's reasonable requests for information concerning the whereabouts of its missing funds.

## COUNT I
## Accounting

13. The foregoing averments are incorporated by reference as though fully set forth herein.

14. The parties are subject to an agreement, whether express or implied, whereby Brink's has an obligation and duty to provide Gratz with an accounting for the cash inventory that it removes from and/or deposits into Gratz's various ATMs.

15. Gratz has made several requests and/or demands for Brink's to provide records and an accounting to explain the whereabouts of this missing cash, but to date, Brink's has failed and refused to provide same.

16. Gratz is entitled to an accounting from Brink's with respect to the missing cash inventory and to reimbursement and/or replenishment of any funds for which Brink's is unable to account.

WHEREFORE, Plaintiff, The Gratz Bank, demands judgment in its favor and against Defendant, Brink's Incorporated, for a full accounting and reimbursement of all missing and/or unaccounted for funds, plus interest, costs, and such other relief this Court deems appropriate.

## COUNT II
## Conversion

17. The foregoing averments are incorporated by reference as though fully set forth herein.

18. Gratz is the rightful and legal owner of the missing and/or unaccounted-for cash inventory (i.e., property) at issue in this litigation.

19. Brink's exercised possessory control over said property.

20. Despite demand, Brink's has failed and refused to return the missing cash inventory, conduct a good faith investigation into these issues, and/or accept any responsibility for its actions.

21. Brink's, therefore, has converted Gratz's property without consent or lawful justification, and Gratz has been damaged as a result of Brink's conversion.

WHEREFORE, Plaintiff, The Gratz Bank, demands judgment in its favor and against Defendant, Brink's Incorporated, for compensatory damages equal to the value of all missing and/or unaccounted for funds, plus interest, costs, and such other relief this Court deems appropriate.

## COUNT III
## Promissory Estoppel

22. The foregoing averments are incorporated by reference as though fully set forth herein.

23. Brink's induced Gratz to order or arrange for the transport of currency from/to the Fed by promising Gratz that it would: (1) retrieve and deliver currency as directed for a fee; (2) provide an accurate accounting and reconciliation of all such transported funds; and (3) investigate claims regarding funds that are missing and for which Brink's was responsible.

24. Brink's promises reasonably induced Gratz to continue making such orders or transport arrangements with the reasonable and justified expectation that Brink's would retrieve and deliver the currency as directed and provide an accurate accounting and/or reconciliation of such funds to Gratz.

25. Gratz paid Brink's for these services.

26. But for said promises, Gratz would not have engaged Brink's to provide these services.

27. Gratz justifiably relied upon these promises to its detriment, as it cannot account for nearly $500,000 in funds for which Brink's was responsible.

28. Brink's knew or should have known that its promises would reasonably induce Gratz's reliance upon them.

29. Brink's should be estopped from reneging on said promises and failing to comply with its obligations to Gratz.

WHEREFORE, Plaintiff, The Gratz Bank, demands judgment in its favor and against Defendant, Brink's Incorporated, for compensatory damages equal to the

value of all missing and/or unaccounted for funds, plus interest, costs, and such other relief this Court deems appropriate.

## COUNT IV
## Unjust Enrichment and/or Constructive Trust

30. The foregoing averments are incorporated by reference as though fully set forth herein.

31. Alternatively, Gratz asserts equitable causes of action against Brink's for unjust enrichment and/or constructive trust.

32. Brink's controls or is in possession of cash, valued at nearly $500,000, that rightfully belongs to Gratz, which Brink's has failed and refused to return to Gratz or reimburse Gratz for the value of same.

33. It would be inequitable and unjust for Brink's, as the party responsible for the transfer, delivery, and safekeeping these amounts, to retain any portion of Gratz's property as its own.

34. To that end, a constructive trust should be imposed on the property in Brink's possession that is traceable to its wrongful acts.

WHEREFORE, Plaintiff, The Gratz Bank, demands judgment in its favor and against Defendant, Brink's Incorporated, for the creation of a constructive trust and compensatory damages equal to the value of all missing and/or unaccounted for funds, plus interest, costs, and such other relief this Court deems appropriate.

- 9 -

        Respectfully submitted,

        **PILLAR+AUGHT**

By:   /s/ *John Martin*
       John R. Martin, Esq.
       jmartin@pillaraught.com
       Attorney I.D. No. 204125 (PA)
       Lindsey E. Snavely, Esq.
       lsnavely@pillaraught.com
       Attorney I.D. No. 308145 (PA)
       **Pillar+Aught**
       4201 E. Park Circle
       Harrisburg, PA  17111
       (717) 308-9910 (phone)
       (717) 686-9862 (fax)

       *Attorneys for Plaintiff, The Gratz Bank*